## Silberman v. Escoll et ux.

*Harry M. Sablosky,* for plaintiff.

*Frank R. Ambler* and *H. Rook Goshorn,* for defendants.

DANNEHOWER, J., May 27, 1942. — This action in assumpsit was brought upon a written contract of employment to recover as damages salary as camp counsellor at defendants' summer camp, value of maintenance there, and expenses in unsuccessfully endeavoring to find other summer employment, when plaintiff was discharged before having been given a chance to perform his duties under the contract.

Defendants have filed an affidavit of defense raising questions of law for the reasons that: (1) "The contract of employment was terminable at the option of defendants: (2) no compensation or other moneys are alleged to have been due to plaintiff at the time the contract was terminated."

After argument, this matter is pending for decision.

The written contract of employment was entered into on February 8, 1941, and covered employment as campcounsellor from June 23rd to September 1, 1941, at defendants' summer camp. On May 25, 1941, a month before plaintiff's services were to begin, plaintiff was notified that his services were not required and was discharged. The relevant portions of said contract provide:

"In consideration of the efficient and satisfactory performance of these duties, and of loyal adherence to the above-mentioned policies, Blue Mountain Camps agree to pay employee: (*a*) Maintenance during stay at camp; and a salary of $115 at end of season; (*b*) commissions, when earned, as indicated on the other side.

"(5) Should employee's services or conduct prove unsatisfactory to the directors, the latter may, at their option, dispense with said employee's services. In such case, the camp will owe said employee only a pro rata portion of the full season's salary indicated above."

It is contended by defendants that since the contract of employment was terminable at the will of the employer, and since no compensation is claimed to be due prior to termination, plaintiff has no right of action.

Plaintiff contends that where the contract of employment provides that the employer may at his option dispense with the employe's services, should his services or conduct prove unsatisfactory to the employer, the employer may not discharge the employe, without liability, prior to the date fixed for the commencement of such services, but must give the employe a trial and chance to perform and then discharge him only in the exercise of an honest, genuine, and bona fide judgment.

This case represents an anticipatory repudiation of an executory contract, and as the test as set forth in the contract was "if the employee's services or conduct prove unsatisfactory" there was an implied obligation on the part of both parties to permit such test a chance to function.

Plaintiff had the right, under the contract, to commence his services and be given a reasonable trial and test to see if he could perform to the satisfaction of his employer; otherwise, the contract would be a nullity. We cannot rewrite the contract and declare that defendant had the right to discharge plaintiff at will, but only if his services or conduct proved unsatisfactory. In contracts of this character, it is well settled that the employer has the absolute right whenever he becomes in good faith dissatisfied with the services of the employe to discharge him, but the dissatisfaction must be genuine: Corgan v. George F. Lee Coal Co., 218 Pa. 386, 390. See 1 Williston on Contracts, sec. 44, p. 74, and Jacobs v. Kraft Cheese Co., 310 Pa. 75.

Defendants cannot set up the option clause as a defense in an affidavit of defense raising questions of law, because, dissatisfaction being the test, it must be pleaded in an affidavit of defense on the merits; otherwise, it would amount to a speaking demurrer. In our opinion, plaintiff has set forth a legal cause of action in the statement of claim requiring an affidavit of defense on the merits.

And now, May 27, 1942, for the foregoing reasons, the questions of law raised by defendants' affidavit of defense raising questions of law are decided against defendants and in favor of plaintiff, and defendants shall have the right, within 15 days of notice of this decree, to file an affidavit of defense on the merits.